1819.

WASHINGTON
AND WARREN
BANK
v.
FARMERS'
BANK.

*July 6th.*

### WASHINGTON and WARREN BANK *against* The FARMERS' BANK and another.

The defendants, a banking company, agreed with *B.* of *New-York*, that they would, once in each week, assort and make up into a package, all the bills of the plaintiffs, a Banking Company, which should be in the possession of the defendants, and direct them to *B.*, and hold the same subject to his order, or deposit the same as he should designate; and *B.* agreed, that at the time of making up such package of bills, the defendants might draw on him for the amount, payable in *New-York*, at ten days sight, and promised to accept the drafts, at the same time directing the packages to be deposited in the *F. and M. Bank*, in *Albany*. The agreement con-

tinued to be performed by both parties, until the 22d of *June*, 1819; and on the 25th of *June*, the defendants refused to take any more of the bills of the plaintiffs, having in their possession the bills of the plaintiffs to the amount of 10,150 dollars, which *B.* assigned to the plaintiffs, and the defendants had notice of the assignment, and for part of which amount, the defendants had drawn on *B.* who accepted their drafts, but the payment of them was not averred. On a bill filed, stating the above facts, and praying that the defendants might be compelled to deliver the bills to the plaintiffs, and for an *injunction* to prevent their putting them into circulation, or demanding payment of them;

It was *held*, that there was no ground for an injunction, and that where the right to demand payment is suspended by the promise of a third person, the suspension ceases, when that third person is in default; and that the agreement set forth did not discharge the plaintiffs from their obligation to pay, but merely suspended the right to demand payment, until 10 days after the acceptance of their drafts by *B.*

*1819.*

WASHINGTON
AND WARREN
BANK
v.
FARMERS'
BANK.

THE bill stated, that in *August* last, *an agreement* was entered into between the defendants and *Jacob Barker*, of *New-York*, by which they agreed, that they would, once in each week, assort and make up into a sealed package, all the bills of the plaintiffs which should, from time to time, be in the possession of the defendants, and direct the same to *Barker*, and hold the same subject to his order, or deposit the same, as he should designate, to the end that the same might be speedily remitted to him; in consideration whereof, he agreed that the defendants, at the time of making up such packages, might draw on him for the amount thereof, payable in the city of *New-York* at ten days sight, and which drafts he promised to accept; and he, at the same time, directed the packages to be deposited in the *Farmers' and Mechanics' Bank* at *Albany*. That the agreement was indefinite, and to be revoked by either party, on due notice. That the defendants complied with it weekly, until lately, and *Barker* paid the drafts *until the 22d of June last*. That the agreement has never been revoked; but on the 25th of *June* last the defendants declined receiving the bills of the plaintiffs, and had, at that time, a large quantity of those

*July 12th.*

1819.

WASHINGTON
AND WARREN
BANK
v.
FARMERS'
BANK.

bills, amounting to about 10,150 dollars. That the same had been received between the 4th and 24th of *June*. That the defendants, by the agreement, were bound to have made up the notes in packages, and deposited the same, &c., and to have drawn, &c. as aforesaid, &c. That of the said sum, 3,000 dollars were in the hands of the defendants, on or before the 11th of *June* last; and on that day the defendants did make up that sum into a sealed package, directed to *Barker*, and drew on him at ten days sight for that sum, which draft *was accepted;* and that the further sum of 3,650 dollars, of the said sum of 10,150 dollars, was received by the defendants, between the 11th and 18th of *June;* and that on the 18th of *June*, the defendants made the same up into a package, and drew on *Barker* for the same, *which he accepted.* That 3,500 dollars, being the residue of the 10,150 dollars, was received by the defendants after the 18th, and before the 25th of *June*, and whether they were made up and drawn for, the plaintiffs did not know. That the said packages were not deposited in the *Farmers' and Mechanics' Bank* at *Albany*. That on the 25th of *June*, *Barker* assigned to the plaintiffs the bills of the plaintiffs, as aforesaid, to 10,150 dollars, *being the bills so in possession of the defendants*, of which assignment notice was given to the defendants on the 29th of *June* last. The bill charged, that the defendants refused to deposit the 10,150 dollars in *Albany*, according to the agreement, or to deliver the same to the plaintiffs, and *prayed* that the defendants may deliver those bills to the plaintiffs, and be *enjoined* from issuing the said bills, or putting them in circulation, or from demanding payment of the plaintiffs.

*R. Skinner*, for the plaintiffs.

*Per Curiam.* Motion for an injunction denied : 1. The agreement with *Barker* had no consideration, to warrant the extraordinary powers of this Court. 2. The ten days

have elapsed since the acceptances charged were made, and payment is not offered or averred. If the right of the defendants to demand payment was suspended by the *promise of a third person,* it ceases when that person is in default. The plaintiffs, as his assignees, pray that the defendants may not demand payment. No request could be more unreasonable. The agreement with *Barker* did not discharge the plaintiffs from their obligation to pay their notes. At most, it only suspended the right of demand, for ten days.